UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES H. LEE, JR. (# 386633)  CIVIL ACTION

VERSUS

D. NETTLES, ET AL.  NO. 15-0620-JJB-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 18, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CHARLES H. LEE, JR. (# 386633)**  CIVIL ACTION

**VERSUS**

**D. NETTLES, ET AL.**  NO. 15-0620-JJB-EWD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Sgt. Dillon Nettles, Lt. Dawson, Prison Enterprises and an unidentified Field Operations Supervisor, complaining that Defendants violated his constitutional rights on June 24, 2014 by failing to protect him from potentially harmful weather conditions on that date.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez, supra*, 504 U.S.

at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's Complaint fails to state a claim cognizable under 42 U.S.C. § 1983, which statute provides for a private right of action against any person who, acting under color of state law, deprives an individual of rights, privileges, or immunities secured by the Constitution or laws of the United States. Specifically, Plaintiff's allegations fail to suggest that he has been denied any such constitutional right. Specifically, he alleges in his Complaint that on June 24, 2014 he was assigned with approximately 50 other offenders to harvest potatoes in the agricultural fields at LSP when the sky began to darken, at which time thunder could be heard and lightning was observed several times. Notwithstanding, defendant Dillon Nettles did not order a work stoppage. Whereas Plaintiff concedes that Defendant Nettles did not have the independent authority to order such stoppage, Plaintiff asserts that the supervising Defendant, Lt. Dawson, and the unidentified Defendant Field Supervisor were personally aware of the potentially dangerous conditions and did not take action to protect the inmates. Finally, after the inmates had finished loading the harvested potatoes onto a trailer, Defendant Nettles was instructed to bring the inmates back to camp, and Plaintiff complains that as they walked, they were "severely stormed on with [a] hail mixture, [and] funnel clouds were visible." He complains that the actions of Defendants constituted deliberate indifference to a substantial risk of serious harm to his health and safety. Finally, although Plaintiff submitted an administrative grievance to prison officials relative to the above-described events, he complains that the grievance was improperly handled and that Defendants falsified their responses, denying the existence of any hail or funnel clouds.

A claim of deliberate indifference requires a showing that a defendant has recognized and disregarded a serious risk of harm to an inmate's health or safety. The Supreme Court has adopted

"subjective recklessness as used in the criminal law" as the appropriate standard to apply in cases of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825 (1994). As stated in *Farmer*:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id*. at 837. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred from the obviousness of the substantial risk. *Id*. at 844.

Applying this standard to Plaintiff's allegations in the instant case does not lead to a conclusion that Defendants recognized and disregarded an excessive risk of harm to inmate health or safety. Plaintiff acknowledges that he was ultimately instructed to proceed back to camp as conditions worsened on June 24, 2014, albeit not as soon as he believed to be appropriate. Although Plaintiff may have been exposed to developing inclement conditions on that date, there is no indication that Defendants were by their actions deliberately indifferent to Plaintiff's health or safety, that they intended to cause him harm, or that they subjectively knew that such harm was likely to occur. Rather, while Defendants may have been aware of an approaching storm, in the absence of any allegation of actual knowledge or awareness on Defendants' part that Plaintiff and other inmates were likely to sustain any harm in fact, Plaintiff's claim sounds more in the nature of a claim of negligence that is not actionable under § 1983. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990); *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). Specifically, there is no suggestion that Defendants intended to cause Plaintiff harm, knew that serious injury was substantially certain to occur, or were otherwise aware of a substantial risk of harm to Plaintiff's safety that they ignored.

Moreover, to the extent that Plaintiff complains that he was exposed to "hail and funnel clouds" while walking back to his housing unit on June 24, 2014, this claim implicates his right, under the Eighth Amendment to the United States Constitution, to be free from cruel and unusual punishment in the form of unconstitutional conditions of confinement. In this regard, the prohibition against cruel

and unusual punishment requires that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing and medical care. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). *See also Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (reiterating that "[t]he Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones"). A constitutional violation occurs only when two requirements are met. First, there is the objective requirement that the condition must be "so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Harper v. Showers, supra*, 174 F.3d at 720, *citing Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). Second, under a subjective standard, the Court must determine that the prison official responsible for the deprivation had a "sufficiently culpable state of mind -- that is, the official must have been deliberately indifferent to the prisoner's health or safety." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013), *citing Palmer v. Johnson*, 193 F.3d 346, 351-52 (5th Cir. 2008); *Farmer v. Brennan, supra,* 511 U.S. at 837. Mere negligence is not a basis for liability under § 1983. *Hernandez ex rel. Hernandez v. Texas Dept. of Protective and Regulatory Services*, 380 F.3d 872, 882-83 (5th Cir. 2004); *Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000). In applying this standard, the determinative question is whether a defendant prison official subjectively knew that an inmate claimant faced a substantial risk of serious harm, yet disregarded that risk by failing to take reasonable steps to abate it. *See Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003), *citing Farmer v. Brennan, supra,* 511 U.S. at 847.

Applying the foregoing standard, the Court concludes that Plaintiff will be unable to prevail in connection with this claim. Assuming that Plaintiff was in fact exposed to hail and to the potential danger of funnel clouds on a single date while being escorted back to camp after harvesting potatoes, there is nothing in the record to suggest that the incident resulted from anything more than mere negligence or mistake on the part of Defendants. Plaintiff's alleged exposure to the dangerous conditions was unquestionably short-lived, and Plaintiff's allegations suggest that Defendant Nettles,

who was supervising Plaintiff in the field on the referenced date, was himself subjected to the same conditions. Had the existing conditions been so obviously hazardous, it is reasonable to conclude that Defendant Nettles would not have willingly exposed himself to those conditions. Thus, under no stretch of the imagination may this transient and mostly benign incident be characterized as a deliberate deprivation of a single identifiable human need or as having placed Plaintiff's health or welfare in imminent danger of which Defendants were aware and yet ignored. *Farmer v. Brennan, supra*. Finally, there is no allegation that Plaintiff or any other inmate suffered harm or injury in fact as a result of the exposure of June 24, 2014.[1] Based on this analysis, the Court finds that Plaintiff's allegations regarding the obviousness of the risk are not such that a reasonable factfinder could conclude that Defendants were deliberately indifferent to Plaintiff's health or safety on the referenced date or intentionally subjected Plaintiff to conditions that violated Plaintiff's constitutional rights. *See Clarke v. Collins,* 5 F.3d 1494 (5th Cir. 1993) (concluding that an inmate's complaint regarding conditions, including exposure to rain and the danger of lightning, "do not raise questions of constitutional magnitude. They are simply part of working in the agricultural line. As such, they represent 'a *de minimis* level of imposition with which the Constitution is not concerned'"). Accordingly, the Court finds that Defendants are entitled to judgment as a matter of law in connection with Plaintiff's claim in this regard.

Finally, turning to Plaintiff's claim that Defendants responded inappropriately to his administrative complaint and falsely denied his assertion regarding "hail and funnel clouds," the Court similarly finds that these assertions do not rise to the level of constitutional violations. The law is clear that any alleged failure to investigate or properly respond to a prisoner's administrative grievance

---

1     In this regard, 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

is not a constitutional violation, and no liability may attach as a result of such failure. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005). Nor is an inmate entitled to a fair or favorable result in connection therewith. *Id*. Thus, Plaintiff may not be heard to complain in this case regarding the manner in which his administrative grievance was investigated, conducted or resolved, and there is no constitutional right inherent in such a claim. Accordingly, Plaintiff's claims asserted against Defendants in this regard should likewise be dismissed.

## **RECOMMENDATION**

It is recommended that Plaintiff's action be dismissed, with prejudice, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on April 18, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."